UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

    Plaintiff,

v.

JEFFERSON SESSIONS,
AVERY BROWN,

    Defendants.
_____/

Civil Action No. 17-11596
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

## **OPINION AND ORDER TO CONSOLIDATE CASES**

**I.    BACKGROUND**

In his notice of change of address [ECF No. 13], Plaintiff Derrick Hills indicated that the current matter should be consolidated with another matter (Case No. 17-10858) also pending with District Judge Laurie J. Michelson. All pretrial matters have been referred to the undersigned in both matters. [ECF No. 11; *see also* Case No. 17-10858, ECF No. 6].

In Case No. 17-10858, filed on March 15, 2017, plaintiff brought a civil rights action against Jefferson Sessions and Avery Brown concerning issues arising with his conditions of confinement at the Community Treatment Center-East (CTC) halfway house in Detroit, Michigan. [ECF No. 1]. These issues included not being provided with a smoke-free

environment, failure to provide all prescribed medications, and a failure to allow Hills to attend his preferred worship services. [ECF No. 1, PageID 5]. In the current matter (Case No. 17-11596), filed on May 18, 2017, plaintiff brought another civil rights action against the same defendants, Sessions and Brown. [ECF No. 1]. In this matter, Hills' complaint focuses solely on the failure to provide a smoke-free environment. [*Id.*, PageID 5].

For the reasons that follow, the Court orders that the two matters be consolidated.

## II.     ANALYSIS

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The decision regarding consolidation is within the court's discretion. *Banacki v. OneWest Bank*, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011) ("Whether cases present a common question of law or fact is only a threshold requirement; once a common question has been established, the decision to consolidate rests in the sound discretion of the district court."). In exercising this discretion, a court should "weigh the interests of judicial economy against the potential for new delays, expense, confusion, or

prejudice." *Id.* (internal quotation marks omitted).

A court may order consolidation *sua sponte*, even over the objection of the parties, if it is deemed necessary. *See, e.g., Connecticut Gen Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000); *In re Pepco Employment Litig.*, No. 86-0603, 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990). And this Court may resolve this issue because consolidation is a non-dispositive ruling. *See Butz v. Clayton*, No. 15-cv-12232, 2016 WL 1253272, at *3 n.4 (E.D. Mich. Mar. 31, 2016) (magistrate judge has authority to rule on consolidation motion).

Here, the Court concludes that the two pending actions clearly present common questions of law and fact; they involve the same parties and allegations regarding civil rights violations that occurred at CTC. And the later-filed case (Case No. 17-11596) raises the same issue (Hills' entitlement to a smoke-free environment) as alleged in Case No. 17-10858. Consolidation will assist in effectively and expeditiously managing the case going forward by lessening the "risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

3

*Hendrix v. Raybestos—Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal citations and quotation marks omitted).

For the above reasons, the Court orders that consolidation is appropriate.

### III. ORDER

For the above-stated reasons, the Court **ORDERS** that Case Nos. 17-11596 and 17-10858 be consolidated and directs the Clerk's Office to consolidate Case No. 17-11596 into Case No. 17-10858, and to **ADMINISTRATIVELY CLOSE** Case No. 17-11596.

Dated: December 8, 2017  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

4

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2017.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager